# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1122** (Raleigh County 10-F-30)

**Duane Hammock,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Duane Hammock, by counsel David S. Hart, appeals the Circuit Court of Raleigh County's resentencing order entered on September 10, 2012, following his conviction of first-degree robbery.[1] The State, by counsel Marland L. Turner, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 27, 2009, petitioner's daughter, Holly Hansen, walked into C.J.'s Tobacco Store in Raleigh County, West Virginia, and shoplifted a bottle of liquor.[2] The store clerk followed Ms. Hansen to a vehicle in the parking lot, and requested that she return the stolen item. Petitioner, who was a passenger in the parked vehicle, exited the vehicle and pointed a gun at the clerk.[3] After the store clerk returned to the store, petitioner and Ms. Hansen left the premises. A surveillance video captured the incident.

Petitioner was indicted on a charge of first-degree robbery. The trial began on May 16, 2011. The store clerk's testimony was consistent with the narrative in the criminal complaint and the surveillance video. The State called Ms. Hansen as a hostile witness. She testified that petitioner was an alcoholic, and on the day of the robbery he was going through withdrawal symptoms. She previously told police that petitioner participated in the robbery when he observed from outside the store and pointed to the bottle of liquor he wanted her to steal. During trial, Ms. Hansen recanted her prior statement to the police. She testified at trial that petitioner

---

[1]The trial court resentenced petitioner so that he could file this direct appeal.

[2]Ms. Hansen was twenty-one years old at the time of the robbery. Detective Canaday stated that the reason he did not charge Ms. Hansen is because he felt she was "duped" into this robbery. Ms. Hansen admitted to having two prior shoplifting convictions.

[3]The pistol was later identified as a BB gun.

1

was unaware that she had taken the liquor. The State played the police videotaped interview of Ms. Hansen to the jury as impeachment evidence.

Petitioner testified and denied any knowledge of a planned robbery. Petitioner admitted that by the time they arrived at the store, he had consumed excessive amounts of prescription medication, mixed with alcohol.

Following the conclusion of the trial, the jury deliberated for approximately three hours before announcing that it had reached a verdict. Upon presentation of the jury verdict form, the trial court announced that petitioner had been found not guilty. Upon request of the prosecuting attorney, the trial court polled the jury. When the trial court questioned the first juror as to whether the announced verdict was a verdict that she agreed with, the first juror indicated that she did not agree with the verdict. Following the first juror's response, the trial court discontinued the poll of the jury, and returned the jury to the jury room with instructions to continue deliberations.

Later that day, the jury announced that it was deadlocked and would not be able to continue deliberations because members of the jury were scheduled for a vacation on the following day. As discussed more fully below, the trial court gave additional instructions regarding the need for further deliberations. Without objection from the parties, the jury resumed deliberations. After a dinner break and a period of deliberation, the jury returned and found petitioner guilty of first-degree robbery. A second poll of the jury indicated that each juror was in agreement with the second verdict. The trial court entered an order adopting the jury's second verdict.

The State filed an information against petitioner seeking enhancement of his sentence under West Virginia Code § 61-11-18, because petitioner had been convicted of a prior felony.[4] After petitioner entered a plea of guilty to the subsequent information, the trial court sentenced petitioner to ten years in the penitentiary for his first-degree robbery conviction, with a consecutive five-year enhancement based upon his previous felony conviction, for a total determinate sentence of fifteen years.[5]

As grounds for seeking a new trial, petitioner asserts that the trial court's remarks to the jury during deliberation constituted improper coercion, and that the trial court should have declared a mistrial. Petitioner also contends that the trial court erred in admitting his daughter's prior statement to the investigating officer. Upon our review of these assignments of error in conjunction with the record, we conclude that the challenges raised on appeal were not preserved below. Accordingly, we affirm the order of the trial court.

---

[4]In 2005, petitioner was convicted of fleeing while under the influence of alcohol, and third offense DUI.

[5]The trial court also found that the BB gun petitioner used in the commission of the robbery was not a firearm for the purposes of parole eligibility.

This Court has held that "[t]he decision to declare a mistrial, discharge the jury, and order a new trial in a criminal case is a mater within the sound discretion of the trial court." Syl. Pt. 8, *State v. Davis*, 182 W.Va. 482, 388 S.E.2d 508 (1989). In the instant case, petitioner did not request a mistrial. Accordingly, his argument that the trial court should have granted a mistrial was not raised below, and we decline to consider it on appeal. *See Hartwell v. Marquez*, 201 W.Va. 433, 442, 498 S.E.2d 1, 10 (1997) ("It is a well established principle that this Court will not decide nonjurisdictional questions which have not been raised in the court below." (*quoting Stonebraker v. Zinn*, 169 W.Va. 259, 266, 286 S.E.2d 911, 915 (1982)) (additional citations omitted)).

With regard to petitioner's allegation that the verdict was coerced, we have stated that "[w]hether a trial court's instructions constitute improper coercion of a verdict necessarily depends upon the facts and circumstances of the particular case and cannot be determined by any general or definite rule." Syl. Pt.1, *State v. Pannell*, 225 W.Va. 743, 696 S.E.2d 45 (2010) (citation omitted).[6]

---

[6]The charge was as follows:

> Ladies and gentlemen of the jury, you've informed the Court of your inability to reach a verdict. At the outset, the Court wishes you to know that although you have a duty to reach a verdict if that is possible, the Court has neither the power nor the desire to compel agreement upon a verdict.
> The purpose of these remarks is to point out to you the importance and the desirability of reaching a verdict in this case, provided, however, that you as individual jurors can do so without surrendering or sacrificing your conscientious scruples or personal convictions. You will recall that upon assuming your duties in this case each of you took an oath. That oath places upon each of you as individuals the responsibility of arriving at a true verdict upon the basis of your own opinion and not merely upon acquiescence in the conclusions of your fellow jurors. However, it is – by no means follows that opinions may not be changed by conference in the jury room.
> The very object of the jury system is to reach a verdict by comparison of proofs with your fellow jurors. During your deliberations, you should be open minded and consider the issues with proper deference to and respect for the opinions of each other. And you should not hesitate to reexamine your own views in the light of such discussions. You should also consider that this case must at some time be terminated. That you are selected from the same source from which any future jury must be selected, that there is no reason to suppose that this case will ever be submitted to 12 persons more intelligent, more impartial or more competent to decide it, or that more or clearer evidence will ever be produced on one side or the other.
> All right. Members of the jury, I'm going to send you back to the jury room and respectfully ask you to continue deliberating. If you wish to send out a note, let me know by following the same process we have followed earlier this afternoon. But otherwise, I am going to ask you to continue with your duty of deliberations.

Petitioner maintains that the trial court improperly rushed the jury to reach its verdict. We disagree. Our review of the record indicates that the trial court's instructions "constituted a fair and reasonable effort to stimulate continued deliberation." *State v. Hobbs*, 168 W.Va. 13, 37, 282 S.E.2d 258, 272 (1981). The trial court proceeded cautiously throughout the deliberation process. After discussing the deadlock with the foreperson, the trial court proposed reading the *Allen*[7] charge and sending the jury back for further deliberation. Petitioner indicated that he had no objection to the trial court's recommendation. Based on the foregoing, we find that petitioner affirmatively waived this ground for appeal.

Petitioner also asserts that the trial court erroneously allowed the State to present impeachment evidence as a pretext to present Ms. Hansen's prior inconsistent statement to the jury when the State knew such evidence would not be admissible otherwise.[8] A trial court's evidentiary rulings, as well as its application of the West Virginia Rules of Evidence, are reviewed for an abuse of discretion. *See McDougal v. McCammon,* 193 W.Va. 229, 455 S.E.2d 788 (1995). Even when a trial court has abused its discretion by admitting or excluding evidence, the conviction must be affirmed unless petitioner can meet his burden of demonstrating that substantial rights were affected by the error. *See State v. LaRock,* 196 W.Va. 294, 470 S.E.2d 613 (1996).

Our review of the record reveals that at no point during the trial did petitioner object to the admission of Ms. Hansen's prior inconsistent statement for impeachment purposes. Petitioner requested a limiting instruction, and the trial court granted this request. We therefore find that petitioner affirmatively waived this issue for which he now asserts on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7]*See Allen v. U.S.*, 164 U.S. 492 (1896).

[8]Petitioner also maintains this error was compounded by improper comments made by the State during closing argument that may have misled the jury regarding the manner in which this impeachment evidence could be considered to support the verdict. We find this argument unpersuasive because the trial court sustained petitioner's objection during the State's closing argument, and granted his request for a limiting instruction.